**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_Mary Ann Whipple_
United States Bankruptcy Judge

Dated: June 19 2012

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: Jesse T. Hernandez and Diane Marie Hernandez, | ) ) | Case No. 11-34298 |
| Debtors. | ) ) | Chapter 7 |
| Ericka S. Parker, Trustee, | ) ) | Adv. Pro. No. 12-3051 |
| Plaintiff, | ) ) | Hon. Mary Ann Whipple |
| v. | ) ) | |
| Barbara Seckinger, | ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OF DECISION AND ORDER**

**ON MOTION FOR DEFAULT JUDGMENT**

This adversary proceeding is before the court on Plaintiff's "Complaint for Recovery of Preferential Payments Pursuant to 11 U.S.C. §547 and Declaratoru [sic] Judgment Regarding Same" ("Complaint") [Doc. # 1]. Plaintiff is the duly appointed Trustee for the estate of the Debtors in Chapter 7 Case No. 11-34298 pending in this court. The defendant is Barbara Seckinger, an individual alleged

to be an insider of Debtors as the mother of Debtor Diane Marie Hernandez and mother in law of Debtor Jesse T. Hernandez and a transferee of an interest or interests in Debtors' property. The Complaint seeks to avoid the transfer as a preferential transfer to an insider and to obtain a money judgment against Defendant for the amount(s) transferred to her from Debtors.

On March 14, 2012, the Clerk issued a summons and notice of pre-trial conference [Doc. # 3]. The summons required an answer or other response to the complaint to be filed by April 13, 2012, and scheduled a pretrial conference. On May 1, 2012, the court held the scheduled pre-trial conference. There was no appearance on behalf of Defendant and no answer or other response to Plaintiff's complaint had been served and filed by or on behalf of Defendant. The Clerk entered Defendant's default [Doc. ## 9, 10] under Fed. R. Civ. P. 55(a), applicable under Fed. R. Bankr. P. 7055.

Plaintiff accordingly filed her motion for default judgment against Defendant [Doc. # 12] ("Motion"). The court scheduled a hearing on the Motion and notice of the hearing was also served on Defendant. [Doc. ## 13, 14]. On June 5, 2012, the court held a hearing on the Motion. There was again no appearance on behalf of Defendant and a review of the record shows no answer or other response to either the Complaint or to the Motion has been filed. Plaintiff has also complied with the Servicemembers Civil Relief Act as a predicate to entry of a default judgment against Defendant, indicating that Defendant is not known to her after investigation to be in the active military service of the United States as of filing of the Complaint or for the previous six months. *See* Doc. #1, p4/4. Therefore, pursuant to Fed. R. Civ. P. 55, made applicable by Fed. R. Bankr. P. 7055, Plaintiff's motion for default judgment will be GRANTED.

The district court has jurisdiction over the underlying Chapter 7 bankruptcy case and all civil proceedings arising under Title 11 or arising in or related to the Chapter 7 case, including this adversary proceeding. 28 U.S.C. § 1334(a) and (b). Debtors' Chapter 7 case and all proceedings arising under Title 11 or arising in or related to the Chapter 7 case, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order No. 2012-7 entered on April 4, 2012, by the United States District Court for the Northern District of Ohio. This action is a core proceeding that this court may hear and determine because it involves determination, avoidance and recovery of alleged preferential transfer(s) of property from Debtors to Defendant. 28 U.S.C. § 157(b)(2)(F).

The court finds that notice of this proceeding, including the service of the summons and Complaint pursuant to Fed. R. Bankr. P. 7004, has validly and properly been served upon Defendant. The return on service of the summons and Complaint shows that they were timely served on Defendant

by ordinary United States mail, postage prepaid, sent to Defendant at Defendant's dwelling house or usual place of abode. *See* Fed. R. Bankr. P. 7004(b)(1). In further support that service is valid and proper, no mailings by this court to Defendant have been returned as undeliverable. The court thus finds that Defendant has failed to appear, plead, or otherwise defend this action as required by the applicable rules of procedure.

The court finds that the well-pleaded factual allegations of the Complaint, including Exhibit A thereto, constitute a valid cause of action against Defendant under 11 U.S.C. §§ 547, 550. As a result of the default, the court deems all of the well-pleaded allegations of the Complaint as admitted and true. In the absence of evidence to the contrary and any affirmative defense, the court finds that Defendant received a transfer or transfers of an interest in property from Debtors, specifically payment of $1,500 in March 2011 as admitted by Debtors in their Statement of Financial Affairs, question no. 3c, which is Exhibit A to the Complaint. The court further finds that Defendant Barbara Seckinger, is the mother of Debtor Diane Marie Hernandez and thus the mother in law of Debtor Jesse T. Hernandez as pleaded in paragraph 3 of the Complaint. That makes her an insider as a relative of Debtors defined by 11 U.S.C. § 101(31)(A) and (45). Therefore the statutory period for avoidance of preferential transfers is extended to one year for an insider from 90 days. 11 U.S.C. § 547(b)(4).

The court further finds from the averments of the Complaint and Exhibit A that Barbara Seckinger received a transfer from Debtors of $1,500 in March 2011, well within one year of the commencement of the underlying Chapter 7 case on August 8, 2011, [Doc. #1, ¶ 1], and that it was made to or for the benefit of Defendant as a creditor on account of an antecedent debt, and that Debtors were insolvent when the transfer was made, a fact the court further infers by taking judicial notice of Debtors' schedules in the underlying Chapter 7 case, and the nature and amount of the debts listed compared to the assets thereon. *See* 11 U.S.C. § 101(32)(A). The court further finds that the payment enabled Defendant to receive more than if she had been paid through this case. As set forth in the Complaint [Doc. #1, ¶¶ 1-12 and Exhibit A ] and the record of the underlying Chapter 7 case, Plaintiff has properly pleaded grounds for avoidance of the payment(s) as a preferential transfer under 11 U.S.C. § 547(b) and recovery of the value of the transfer from Defendant as the immediate transferee under 11 U.S.C. § 550(a)(1). Given the liquidated amount pleaded in the Complaint and the evidence admitted as true by the default as shown on Exhibit A, the court does not need additional evidence to liquidate the judgment amount of the value of the transfer to be recovered from Defendant under 11 U.S.C. § 550. Plaintiff's Motion will therefore be granted.

For good cause shown, based on the foregoing reasons and authorities,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment [Doc. # 12] is hereby **GRANTED.** A separate judgment will be entered by the court.